UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JASON ROBERT SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00186-TWP-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| FLOYD COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This action is before the Court for resolution of Plaintiff Jason Sanchez's motion for leave to proceed *in forma pauperis*, Dkt. 6, and for screening of his complaint pursuant to 28 U.S.C. § 1915A(b).

### I. Motion for Leave to Proceed *In Forma Pauperis*

Mr. Sanchez's motion for leave to proceed *in forma pauperis,* Dkt. [6], is **granted**. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). However, the assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Screening

Mr. Sanchez is a pretrial detainee currently confined at the Floyd County Jail. Because Mr. Sanchez is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Complaint

Mr. Sanchez is a pretrial detainee at the Floyd County Jail. Mr. Sanchez believes two fellow inmates exposed him to Hepatitis A, but his custodians refuse to test him or vaccinate him against the disease. Mr. Sanchez seeks both injunctive relief and damages.

These allegations support a plausible claim that Mr. Sanchez's custodians have been deliberately indifferent to his serious medical needs in violation of his rights under the Fourteenth Amendment as a pretrial detainee. However, Mr. Sanchez has not named a proper defendant in his complaint.

Mr. Sanchez's claims against the State of Indiana and the Floyd County Jail must be **dismissed** because they are not "persons" that can be sued under 42 U.S.C. § 1983. *See Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985) (holding that, under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that a jail is not a suable entity). Additionally, the complaint indicates that Mr. Sanchez is not currently in the custody of the State of Indiana. Therefore, neither the State of Indiana nor the Jail is a person or a governmental entity that can provide Mr. Sanchez with the relief he has requested.

The complaint is **dismissed** for failure to state a claim upon which relief may be granted against either of the defendants named in the complaint. Mr. Sanchez shall have **through December 14, 2018**, to file an amended complaint. Failure to file an amended complaint in the time provided will result in the dismissal of this action without further warning or opportunity to show cause. The amended complaint must include the case number associated with this action, 4:18-cv-00186-TWP-DML, and identify as defendants the jail officials responsible for Mr. Sanchez's medical care. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If it survives screening, the amended complaint will completely replace the original complaint, so it must include all defendants, claims, and factual allegations Mr. Sanchez wishes to pursue in this action.

### III. Conclusion

Mr. Sanchez's motion for leave to proceed *in forma pauperis,* Dkt. [6], is **granted**. No initial partial filing fee is due at this time.

The complaint is **dismissed** for failure to state a claim upon which relief may be granted against either of the defendants named in the complaint. Mr. Sanchez shall have **through December 14, 2018**, to file an amended complaint. Failure to file an amended complaint in the time provided will result in the dismissal of this action without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 11/20/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON ROBERT SANCHEZ
90269
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150

4